IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SHANE HARRINGTON,

        Plaintiff,

vs.

HALL COUNTY NEBRASKA, a municipal entity; KEITH BAUMFALK, individually and in their official capacities; JOHN JOE, AND JANE DOES, 1-1000,

        Defendants.

4:15CV3052

**FINDINGS, RECOMMENDATION, AND ORDER**

This matter is before the court on Plaintiff's motion to amend his complaint. ([Filing No. 135](#)). For the reasons set forth below, the motion for leave to amend should denied.

## BACKGROUND

Plaintiff Shane Harrington filed his initial complaint in this matter on May 15, 2015. ([Filing No. 1](#)). The initial complaint raised numerous allegations against multiple defendants claiming Defendants were unlawfully impeding his ability to open an adult entertainment venue in Hall County, Nebraska, and Harrington had incurred damages as a result of this conduct. Various named defendants filed motions to dismiss. With respect to defendant Hall County, Nebraska, Harrington's initial complaint alleged the county's zoning ordinances violated his First Amendment right to free speech, the Establishment Clause, the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fourteenth Amendment, and anti-trust statutes. The initial complaint also alleged common law claims for defamation, interference with a business relationship, infliction of emotional distress, negligence, and negligent hiring, supervision, and training.

All claims within Plaintiff's initial complaint were dismissed. (Filing No. 132). Judge Gerrard's order of dismissal further stated:

> The plaintiff may file a new motion to amend his complaint by April 21, 2016, provided his proposed amended complaint takes into consideration the principles and analysis set forth above. To the extent the plaintiff believes there are any claims or allegations in his previously filed proposed amended complaint that could survive a motion to dismiss, he may reassert those claims and allegations.

Filing No. 132 at CM/ECF p. 30, ¶9.

On April 5, 2016, Harrington filed an amended complaint naming only Hall County, Nebraska; the Law Office of Scott D. Bergthold; and attorney Scott D. Bergthold as defendants. (Filing No. 135). Harrington then moved to strike his filed amended complaint, moved for leave to file an amended complaint, (Filing No. 135), and then filed a motion to amend his motion for leave to file an amended complaint. (Filing No. 138). In the end, the operative proposed amended complaint is Filing No. 138-1, and it names Harrington and Midwest Girls Club as plaintiffs and Hall County, Nebraska as the sole defendant. (Filing No. 138-1).

The proposed amended complaint alleges the Hall County zoning amendments passed in 2015 are vague, overbroad, and violate Plaintiffs' rights of association, assembly, and free speech.[1] (Filing No. 138-1 at CM/ECF p. 4, ¶ 14). Specifically, Plaintiffs allege they are "prohibited from assembling, associating, and engaging in free speech, free expression, nudity, sexual contact, or non-sexual contact in Hall County . . . ." (Filing No. 138-1 at CM/ECF p. 5, ¶ 18.) Claims one through six of the proposed amended complaint purport to address the alleged constitutional deficiencies of the initial

---

[1] Harrington's initial complaint addressed zoning amendments passed in 2004. The 2015 zoning amendments are more extensive and create several new restrictions for the operation of an Adult Establishment, as defined by the 2015 amendments. (Filing No. 135-5).

2

complaint as previously identified by Judge Gerrard. Plaintiffs' seventh claim raises various alleged violations of Plaintiffs' right to equal protection, and the eighth claim alleges Defendant violated the Twenty-First Amendment. The remaining claims are based on Nebraska law: Claim nine alleges violations of the Nebraska Open Meetings Act, and claims ten and eleven allege negligence claims.

ANALYSIS

If the time for amending a pleading of a matter of course has expired, or a party has previously amended the complaint, a pleading may be amended only if the opposing party consents or with leave of court. Fed. R. Civ. P. 15. Courts are encouraged to allow amendments liberally, (see Shen v. Leo A. Daly Co., 222 F.3d 472, 478 (8th Cir. 2000), but there is no absolute right to amend a pleading. Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003). Leave to amend may be denied for good reason, including "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment[.]" Kozohorsky v. Harmon, 332 F.3d 1141, 1144 (8th Cir. 2003).

Leave to amend should be denied as futile "where the proposed amendment would not cure the defect the party sought to correct." Asbury Square, L.L.C. v. Amoco Oil Co., 218 F.R.D. 183, 195 (S.D. Iowa 2003); see also Mississippi River Revival, Inc. v. City of Minneapolis, 319 F.3d 1013, 1018 (8th Cir. 2003); K-tel, Int'l, Inc., 300 F.3d at 899; Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002); Ingrim v. State Farm Fire & Cas. Co., 249 F.3d 743, 745-46 (8th Cir. 2001). That is, "a court may deny a motion for leave to amend for futility if the proposed amendments would not save the party's claim from dismissal." Asbury Square, L.L.C., 218 F.R.D. at 195 (citing Mississippi River Revival, Inc., 319 F.3d at 1018).

In this case, Defendant essentially argues the proposed amended complaint is futile because it reasserts the claims previously dismissed by the court without curing the fatal defects. The court will address each of the proposed claims below.

Claims One through Six: Constitutional Challenges to Zoning Ordinances

The first six claims in the proposed amended complaint allege constitutional violations based on Hall County's zoning restrictions. Defendant argues Plaintiffs do not have standing to bring these claims. And, Defendant further argues, because Judge Gerrard previously determined Plaintiff Harrington lacked standing to challenge Hall County's zoning amendment, the motion to file the proposed amended complaint must be denied as futile.

Judge Gerrard's prior opinion held that Harrington has no constitutional standing to challenge the zoning amendments at issue because he failed to allege an injury-in-fact that is concrete in nature and particularized to him; specifically, Harrington had not alleged he would be able to purchase or lease land suitable for his intended club in Hall County. ([Filing No. 132](#)). Harrington attempts to remedy this defect by alleging: 1) he would have the "opportunity" to purchase land in Hall County and establish his intended business but for the 2015 zoning ordinances; and 2) the ordinances at issue are vague and overbroad. And Harrington now seeks to add the Midwest Girls Club as a plaintiff, alleging he is also bringing claims on behalf of the club's members.

In Harrington's initial complaint, he alleged property owners within Hall County engaged in a "group boycott" and refused to sell land to him. As Judge Gerrard explained, absent a realistic opportunity to purchase land in Hall County, Harrington lacked standing because the zoning ordinances caused no injury-in-fact. Harrington's proposed amended complaint now alleges the "group boycott" has "abated" and Plaintiffs

4

would now "have the opportunity to lease or purchase property in Hall county for adult uses absent Defendants' November 2015 zoning amendment." ([Filing No. 136 at CM/ECF p. 3](), ¶10).

Plaintiffs' assertion that Harrington or Midwest Girls Club would have the "opportunity" to purchase or lease land is not sufficient to confer standing. The "opportunity" to purchase land does not equate to a " 'substantial probability that [he] would have been able to purchase or lease in' the area subject to the ordinance, 'and that if the court affords the relief requested, the asserted inability of [the plaintiff] will be removed.'" [Harrington v. Hall County Board of Supervisors, et al., case no. 4:15cv3052, 2016 WL 1274534, \*14 (D. Neb. March 31, 2016)](citing [Warth v. Seldin, 422 U.S. 490, 503 (1975)](). While Plaintiffs are not required to have property under contract, they have not alleged facts supporting a "substantial probability" that either Harrington or the Midwest Girls Club could acquire or lease property in Hall County. That is, Plaintiffs do not allege there is actual property for sale or that based on discussions with any land owners, they could buy or lease Hall County property suitable for their proposed business. Absent these or similar factual allegations, Plaintiffs have not pleaded facts sufficient to demonstrate constitutional standing.

Plaintiffs also lack standing to challenge the ordinances as overbroad and vague. Alleging overbreadth and vagueness does not excuse or obviate the need for constitutional standing. Plaintiffs must still have an injury-in-fact traceable to Defendant's conduct, and the injury must be one which can be redressed. [Allen v. Wright, 468 U.S. 737, 755 (1984)]().

Likewise, Harrington's attempt to add the Midwest Girls Club as a plaintiff is also futile. An association may have standing to bring a suit on behalf of its members. But the allegations must assert claims that a member would have standing to bring in his or her

own right. Iowa League of Cities v. E.P.A., 711 F.3d 844, 869 (8th Cir. 2013). The proposed amended complaint does not include allegations supporting the contention that any of members of the Midwest Girls Club will suffer an injury-in-fact. While the proposed amended complaint suggests the challenged ordinances will prohibit members of the Midwest Girls Club from engaging in sexual contact between consenting adults and that nudity is criminalized on all private property, (Filing No. 138-1 at CM/ECF p. 16, ¶ 86), that allegation is, on its face, untrue. The 2015 zoning regulations clearly apply only to certain commercial businesses defined as Adult Establishments. (Filing No. 135-5). And the remainder of the proposed amended complaint does not contain any allegations suggesting any member of the Midwest Girls Club has suffered an injury-in-fact; that there is a substantial probability that but for the ordinances, Harrington and the Midwest Girls Club would open an Adult Establishment in Hall County.

Claim Seven:  Equal Protection Claim

Plaintiffs allege Hall County denied them equal protection under the law by allowing a strip club, The Edge, to operate in Hall County until 2013 when it closed, while now prohibiting Plaintiffs from operating a strip club in Hall County, and by failing to give Harrington personal notice of the May 5, 2015 meeting during which his "proposed business" was discussed. As to the zoning amendments specifically, Harrington alleges Defendant violated Plaintiffs' equal protection rights by:

- Imposing activity restrictions which would impact less than 3% of Hall County land;

- Prohibiting Plaintiffs' proposed business operations between the hours of 12:00 a.m. and 6:00 a.m., while other businesses activities are not similarly restricted;

- Imposing a "6-foot distance" requirement under the 2015 zoning amendment, while other individuals and businesses are not subject to distance requirements; and

- Prohibiting the consumption of alcohol at private parties and events held by Plaintiffs, while others are not subject to these party and event restrictions.

"The first step in an equal protection case is to determine whether the plaintiff has demonstrated that he was treated differently than others who were similarly situated to him." Koscielski v. City of Minneapolis, 393 F. Supp. 2d 811, 814 (D. Minn. 2005) (citing Klinger v. Dep't of Corrections, 31 F.3d 727, 731 (8th Cir. 1994). With respect to Plaintiffs' claims based on the 2015 zoning ordinances, Plaintiffs make conclusory allegations about being treated differently than other "individuals and entities," but they have not identified any other individuals or entities "who are 'similarly situated,' nor explained what 'similarly situated' means in this context." Harrington, 2016 WL 1274534 at *16. Likewise, as in the initial complaint, Harrington offers no facts explaining how an alleged failure to provide Harrington with notice of a public meeting implicates his right to equal protection under the law or who would be considered similarly situated to him for the purposes of his claim based on the alleged failure of notice.[2]

Plaintiffs argue Hall County did not subject a strip club previously located in the City of Grand Island – the Edge – to the zoning restriction now placed upon any Adult Establishment under the county's 2015 zoning amendments. However, Plaintiffs and the Edge cannot be "similarly situated" for the purposes of the Equal Protection Clause. The Edge has not been in business since 2013 and it apparently operated in the City of Grand Island – beyond the reach of the Hall County zoning ordinances. Accordingly, asserting

---

[2] It appears Harrington is actually trying to recharacterize his previously raised and rejected due process claim as a claim for denial of equal protection.

the Plaintiffs' proposed equal protection claim based on what the Edge was allowed to do before it closed in 2013 is futile: That equal protection claim would be denied as a matter of law.

Claim Eight: Violations of the 21st Amendment

The Twenty-First Amendment repealed the nationwide prohibition of alcohol and gave the states the responsibility of regulating alcohol as each state deemed appropriate. Capital Cities Cable, Inc. v. Crisp, 467 U.S. 691 (1984). "Given the broad powers of states under the Twenty-First Amendment, judicial deference to the legislative exercises of zoning powers by a city council or other legislative zoning body is especially appropriate in the area of liquor regulation. Larkin v. Grendel's Den, Inc., 459 U.S. 116, 121 (1982). For instance, in the case of Walker v. City of Kansas City, Mo., 911 F.2d 80, 92 (8th Cir. 1990), the court refused to strike down a city ordinance prohibiting a bar owner from displaying "go-go dancers" in his establishment "because it [was] apparent that what the city ha[d] done [was] well within the safe harbor afforded by the Twenty-first Amendment." Id.

Plaintiffs' allegations that the Hall County zoning ordinances violate the Twenty-First Amendment lack merit, and Plaintiffs' motion to amend the complaint to include such a claim must be denied as futile.

Claim Nine: Nebraska Open Meeting Act

Plaintiffs assert the County violated the Nebraska Open Meeting Act by failing to provide Harrington (and the public) with "reasonable notice of a public meeting where a petition against Shane Harrington was submitted for the purposes of stopping him from opening a legal business in Hall County." (Filing No. 28 at CM/ECF p. 28, ¶ 186).

Thus, Plaintiffs seek to "void" the portion of the Hall County public meeting in which a petition "to stop Shane Harrington from opening a strip club" was submitted by a Hall County resident and accepted by Hall County.

The Nebraska Open Meeting Act, (Neb. Rev. Stat. §§ 84-1407 to 84-1414), includes the notice requirements of an open public meeting. Section 84-1411 provides, in part:

> (1) Each public body shall give reasonable advance publicized notice of the time and place of each meeting by a method designated by each public body and recorded in its minutes. Such notice shall be transmitted to all members of the public body and to the public. Such notice shall contain an agenda of subjects known at the time of the publicized notice or a statement that the agenda, which shall be kept continually current, shall be readily available for public inspection at the principal office of the public body during normal business hours. Agenda items shall be sufficiently descriptive to give the public reasonable notice of the matters to be considered at the meeting.
>
> (4) The secretary or other designee of each public body shall maintain a list of the news media requesting notification of meetings and shall make reasonable efforts to provide advance notification to them of the time and place of each meeting and the subjects to be discussed at that meeting.

Further, "[a]ny motion, resolution, rule, regulation, ordinance, or formal action of a public body made or taken in violation of the Open Meetings Act shall be declared void by the district court . . . ." Neb. Rev. Stat. § 84-1414(1).

As an initial matter, the amended complaint does not clearly allege what "action" the County took. According to the facts presented by the parties, some of the residents of Hall County, Nebraska voiced their opposition, in the form of a petition, to allowing Harrington to open an adult entertainment business in Hall County and they "demand[ed]" that the "Hall County Board of Supervisors take any and all action

9

necessary to protect the City of Grand Island Nebraska and all surrounding communities from suffering the negative consequences" of opening of an adult entertainment establishment. (Filing No. 138-1 at CM/ECF p. 30, ¶ 196). While the County "accepted" the petition, the court is not aware of any requirement for the County to act on the petition or follow the recommendations of the petitioners. Nor did the County pass any sort of resolution regarding the petition or formally adopt it in any way. Thus, it is doubtful whether Hall County took any "formal action" for the court to void under Neb. Rev. Stat. § 84-1414(1).

Plaintiffs also argue notice of the meeting was insufficient. The County published notice of its May 5, 2015 meeting on April 29, 2015 in the Grand Island Independent newspaper. (Filing No. 115-1). Harrington argues the notice "[did] not contain . . . Harrington's name or anything that would provide notice to the Plaintiffs." (Filing No. 138-1 at CM/ECF p. 28, ¶ 183). However, there is no requirement in Nebraska's Open Meeting Act requiring the County to provide an individual with personal notice of a meeting. Furthermore, Defendant provided "reasonable advanced publicized notice" by published notice over five days in advance of the meeting. See, e.g., City of Elkhorn v. City of Omaha, 272 Neb. 867, 725 N.W.2d 867 (2007) (finding less than 12-hour notice was reasonable where notice was likely to reach the public prior to the meeting).

Finally, Plaintiffs argue the description of the proposed May 5, 2015 meeting agenda was insufficient because it omitted his name. To fulfill the purpose of the Nebraska Open Meeting Act, an agenda item must give "some notice of the matter to be considered at the meeting so that persons who are interested will know which matters" will be considered at the meeting. Pokorny v. City of Schuyler, 202 Neb. 334, 339–40, 275 N.W.2d 281, 285 (1979).

The proposed agenda item states: "Accept Petition from citizens concerned with potential adult entertainment establishment . . . ." This agenda description was clear. The fact that it failed to specifically name Shane Harrington as the individual seeking to open an adult entertainment establishment does not equate with failing to notify the public as to the topic raised by the petition. Compare Banks v. Board of Ed. of Chase County High School, Dist. No. 15, 202 Neb. 717, 723, 277 N.W.2d 76, 80 (1979) (finding the agenda item sufficiently descriptive) with Hansmeyer v. Nebraska Public Power Dist., 6 Neb.App. 889, 895, 578 N.W.2d 476, 481, (1998) (finding the challenged description inadequate where it "hardly described" the matter to be discussed and "camouflaged the true nature of what would be discussed.")

Each of the plaintiffs' claims regarding an alleged violation of the Nebraska Open Meeting Act will fail as a matter of law. As such, Plaintiffs' motion for leave to amend the complaint to add these claims should be denied.

### Claims Ten and Eleven: Negligent hiring, training, and supervision; and Negligence.

Plaintiffs attempt to reassert previously dismissed claims for negligent hiring, training, and supervision, as well as negligence. Plaintiffs have not cured any of the defects previously identified in Judge Gerrard's prior order. (Filing No. 132). Therefore allowing the proposed amendments would be futile.

IT IS ORDERED that Plaintiff's motion to amend his motion for leave to amend his complaint, (Filing No. 138), is granted. The operative proposed amended complaint is Filing No. 138-1.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable John M. Gerrard, United States District Judge, pursuant to 28 U.S.C. § 636(b), that Plaintiffs' motion for leave to amend, (Filing No. 135), be denied in its entirety.

The parties are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

Dated this 1st day of July, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.